IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MEJIA-AGUILAR, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER MEREDITH, INC. and CHRISTOPHER MEREDITH, Jointly and Severally,<br><br>Defendants. | Case No. _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

**Comes Now**, Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

1. Defendants own and operate a landscaping company that performs landscaping services to various customers throughout the tri-state area.

2. Plaintiff worked for Defendants as a landscaper.

3. Throughout Plaintiff's employment, Plaintiff was not paid overtime wages, despite working in excess of 40 hours each week.

4. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, that have not received overtime wages for weeks in which they worked in excess of 40 hours, and have not received the required notices at the time of hiring and wages statements for each pay period, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, the New York Labor Law (NYLL), §§ 190 et seq., N.Y. Comp. Codes R. & Regs. tit.

1

12, § 142–2.2, and supporting regulations.

5. Plaintiff seeks to bring these claims as a collective action pursuant to 29 U.S.C. § 216(b), and as a class action under Rule 23.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while Plaintiff performed work for Defendants' principal place of business, located at 1004 Route 45, Pomona, New York 10970, which is in Rockland County. Therefore, venue is proper in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9. Jose Mejia-Aguilar, was at all relevant times, an adult individual residing in 24 Ohio Avenue, 2nd Floor, Spring Valley, New York, which is in Rockland County.

**Defendants:**

10. Christopher Meredith, Inc. is an active New York corporation. Its principal place of business is: 1004 Route 45, Pomona, New York 10970, which is in Rockland County.

11. Christopher Meredith, upon information and belief is an owner, officer, director and/or managing agent of Christopher Meredith, Inc. Mr. Meredith's address is unknown at this time.

2

12. Mr. Meredith participated in the day-to-day operations of Christopher Meredith, Inc., and acted intentionally and maliciously. Mr. Meredith issued the payments to Plaintiff each pay period. Mr. Meredith had the power to terminate Plaintiff's employment. Mr. Meredith is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), the regulations promulgated under 29 C.F.R. § 791.2, and the NYLL, and is jointly and severally liable with Christopher Meredith, Inc.

13. Upon information and belief, Mr. Meredith jointly set the unlawful payroll policies complained of in this complaint for Christopher Meredith, Inc.

14. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA and the NYLL.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they operate a landscaping business that obtains supplies that have been moved or produce from outside of New York, including: lawnmowers, leaf blowers, excavators, hedge trimmers, Utility Terrain Vehicles (UTVs), and commercial trucks. Additionally, Defendants have regularly performed landscaping services for customers outside of New York, in states such as New Jersey. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

17. Additionally, Plaintiff himself handled all of the aforementioned items during his work as a landscaper for Defendants, in New York and New Jersey, and thus has individual enterprise coverage.

## STATEMENT OF FACTS

18. Defendants own and operate a landscaping company that performs landscaping services to various customers in New York and New Jersey.

19. Plaintiff was employed by Defendants from 2016 to September 30, 2024 as a landscaper, and performed landscaping services in New York and New Jersey.

20. As a landscaper, Plaintiff's job duties consisted of cutting grass, shrubs, trees, maintaining pools and cleaning worksites.

21. Plaintiff was paid an hourly rate of $28 per hour by Defendants.

22. Plaintiff typically worked six days a week, Monday through Saturday, and was off on Sundays.

23. Plaintiff typically worked 11.5 hours each day, from 7 a.m. to 7:30 p.m., with a half an hour lunch break each day.

24. On average, Plaintiff worked 69 hours each week.

25. Throughout Plaintiff's employment, Plaintiff was paid straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

26. For example, during the work week of June 20, 2022 to June 26, 2022, Plaintiff worked 69 hours. Plaintiff was paid $28 per hour, straight-time, for all hours worked that week, and earned approximately $1,932 during the pay period for that week. During that week, Plaintiff worked, Monday through Saturday, and was off on Sunday. Plaintiff was given a half-hour break each day. Thus, his actual work time, after deducting a half-hour for breaks, was approximately 11 hours each day for this work week, and 69 hours worked for the week.

27. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all

hours in excess of 40 hours, but purposely chose to not to pay him overtime wages.

28. Plaintiff was not provided with statement with every payment of wages, listing: the dates of work covered by that payment of wages, rate or rates of pay, the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, or the number of overtime hours worked. As a result of not receiving these statements, Plaintiff has sustained an injury-in-fact, in that he was unable to obtain an accurate statement of how many overtime hours he worked each week with each payment of wages, and what his overtime wage rate should be, and he would have commenced this law suit much earlier if he had proper wage statements. Additionally, without a statement of how many hours he worked, Plaintiff was unable to know whether he was owed overtime wages, and how much his damages might be, which would have caused him to file suit. As a result, Plaintiff was delayed in filing this action against Defendants, and thus was harmed, in that some weeks of his claim are now beyond the statute of limitations because he worked for Defendants since 2017. Thus, Plaintiff has an injury-in-fact, due to not receiving adequate wage statements with each payment of wages.

29. Additionally, at the time of hiring, Plaintiff was never provided by Defendants any written notice, in writing in English and Spanish (his primary language), a notice containing: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer. As a result of not receiving this written notice, Plaintiff has sustained an injury-in-fact, in that he was not made aware of what his regular rate would be, what his overtime rate would be, and the legal name of the company that he could file a lawsuit against to recover wages. Plaintiff would have commenced this lawsuit earlier if he

was provided with the required wage notices, as they would have made clear he was not receiving the proper overtime wage rate. Plaintiff was delayed in filing this action against Defendants, and thus was harmed, in that some weeks of his claim are now beyond the statute of limitations because he worked for Defendants since 2017. Thus, Plaintiff has an injury-in-fact due to not receiving a proper statement as required by the NYLL at the time of hiring.

30. This failure to pay overtime premium wages, provide statements each pay period showing the amount of overtime worked, can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a), and the NYLL § 663.

31. Individual Defendant, Mr. Meredith, is the President of Christopher Merdith, Inc. Mr. Meredith participated in the day-to-day operations of Christopher Meredith, Inc., and set the unlawful practice of Christopher Meredith, Inc. not paying minimum wages and overtime wages to Plaintiff. Mr. Meredith was responsible for paying Plaintiff his wages, and thus had actual and constructive knowledge of how Plaintiff was paid. Mr. Meredith had the power to hire and fire employees at Christopher Meredith, Inc. As President of Christopher Meredith, Inc., Mr. Meredith set the terms and conditions of employment for the employees such as Plaintiff, and the company itself. Mr. Meredith also maintained the employment records Christopher Meredith, Inc., such as scheduling and pay records. Upon information and belief, Mr. Meredith worked full-time for Christopher Meredith, Inc., and did not have other full-time employment.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

32. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

All persons employed by Defendants, at any time from June 11, 2019 to June 11,

2025, through the entry of judgment in this case (the "Collective Action Period"), who worked as landscapers, machine operators, drivers, crew leaders, and all other hourly employees who were not paid overtime wages for at least one week in which they worked in excess of 40 hours in a week (the "Collective Action Members").

33. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

34. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

### CLASS ACTION ALLEGATIONS UNDER RULE 23

35. Plaintiff brings the following class action allegations pursuant to Fed. R. Civ. P. 23, on behalf of:

> All persons employed by Defendants, at any time from June 11, 2019 to June 11, 2025, through the entry of judgment in this case (the "New York Class Period"), who worked as landscapers, machine operators, drivers, crew leaders, and all other hourly employees who were not paid overtime wages for at least one week in which they worked in excess of 40 hours in a week, as required by the NYLL (the "New York Class").

36. Plaintiff is a member of the New York class and is an appropriate person to represent the class.

37. Certification of the New York Class' claims as a class action is the most economical means of resolving the questions of law and fact which are common to Plaintiff's claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him

individually and on the members of the New York Class employed by Defendants. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with a risk of inconsistent adjudications and conflicting obligations. Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for the Plaintiff and the members of the New York Class, and Defendants.

38. The New York Class members are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown at this time, upon information and belief, the New York Class is at least 40 members, that have worked for Defendants during the New York Class Period, which satisfies the numerosity requirement of Rule 23(a)(1).

39. The claims alleged by Plaintiff raise questions of law and fact common to the New York Class. Among these questions are:

    a. Whether Defendants employed Plaintiff and members of the New York Class within the meaning of the NYLL;

    b. Whether Defendants failed to pay Plaintiff and the members of the New York Class overtime wages, at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any workweek during the New York Class Period;

    c. Whether Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the NYLL and the regulations promulgated thereunder;

    d. Whether Defendants have failed to provide Plaintiff and members of the New York Class with a notice for each pay period stating: their wage rate, total hours worked, and total overtime worked, for each week of their employment, as required by N.Y. Lab. Law § 195(3)

    e. Whether Defendants failed to provide a notice as time of hiring in English and the primary language of the employees, stating: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer, in violation of the N.Y. Lab. Law § 195(1)(a).

    f. Whether Defendants' violations of the FLSA and NYLL were willful;

    g. Whether Defendants are liable for all damages claimed, including but not limited to: compensatory, liquidated, statutory, interest, costs, and attorney's fees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

40. Plaintiff, on behalf of himself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the

Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

42. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. The failure to pay overtime has caused Plaintiff and the Collective Action Members to suffer lost wages and interest thereon. As a result, they are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

44. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

45. As a result of Defendants' failure to compensate its employees, including Plaintiff, and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the NYLL, N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2, for which Plaintiff and the Collective Action Members, are entitled to relief pursuant the NYLL, § 190 et seq.

46. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of NYLL § 663.

47. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the

action.

## THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – NOTICE, RECORD KEEPING, AND WAGE STATEMENT VIOLATION

48. Plaintiff, on behalf of himself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49. Defendants have failed to provide Plaintiff and the Collective Action Members, with a copy of their wage rate, total hours worked, and total overtime worked, for each week of their employment. As a result, Defendants have violated the NYLL, N.Y. Lab. Law § § 650 et seq., including N.Y. Lab. Law § 195(3) for which Plaintiff and the Collective Action Members are entitled to relief.

50. Additionally, at the time of hiring, Plaintiff and the Collective Action Members, were never provided by Defendants any written notice, in writing in English and their primary language, a notice containing: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer, in violation of the N.Y. Lab. Law § 195 (1)(a).

51. Defendants are liable to Plaintiff and the Collective Action Members in the amount of $5,000 for each violation.

### PRAYER FOR RELIEF

Therefore, Plaintiff requests that this Court grant the following relief, on behalf of Plaintiff, the Collective Action Members, and the New York Class:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA and the NYLL;

c. An award of unpaid overtime wages due under the FLSA and the NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages under the FLSA and NYLL;

e. An award of $5,000 for Plaintiff and the Collective Action Members, for each violation of the § 195 of the NYLL;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with attorney's fees;

h. An order awarding an increase of the total amount of judgment by 15%, for any amounts that remain unpaid upon the expiration of 90 days of the issuance of judgment, in accordance with the NYLL, § 198(4);

i. An order certifying this action as a collective action under 29 U.S.C. § 216(b), and an order certifying this case as a class action under Rule 23;

j. An injunction against Defendants ordering them to cease violating the overtime provisions of the FLSA and NYLL as described of in this complaint;

k. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 11, 2025

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
Bar No. GA742344
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: 678-862-9344
Fax: 678-638-6201
brandon@overtimeclaimslawyer.com